**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4181**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DARNELL THOMPSON,

        Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:08-cr-00464-HMH-1)

Submitted:  August 19, 2009      Decided:  October 8, 2009

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  James D. Galyean, Assistant United States Attorney, William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darnell Thompson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced him to the statutory mandatory minimum sentence of 180 months' imprisonment. On appeal, Thompson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Thompson has also exercised his right to file a pro se supplemental brief.

In his Anders brief, Thompson first suggests that the district court failed to comply with Fed. R. Crim. P. 11 in accepting his guilty plea. This court generally assesses any variation from the Rule 11 requirements under a harmless error standard. Fed. R. Crim. P. 11(h). However, because Thompson did not move in the district court to withdraw his guilty plea, his claim is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have reviewed the record and determine that the district court fully complied with the requirements of Rule 11 and did not err in determining that Thompson's plea was both knowing and voluntary. Accordingly, the district court did not err in accepting his guilty plea.

Thompson next suggests that the district court erred in sentencing him to the statutory mandatory minimum sentence of 180 months' imprisonment. This court reviews a sentence imposed

2

by a district court under a deferential abuse of discretion standard. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, the appellate court must first ensure that the district court committed no significant procedural error, such as failing to adequately explain the chosen sentence. Gall v. United States, 128 S. Ct. 586, 597 (2007). If there are no procedural errors, then the appellate court considers the substantive reasonableness of the sentence. Id.

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 128 S. Ct. at 597 (internal quotations omitted) (emphasis in the original)). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. Stating in open court the particular reasons for a chosen sentence requires the district court to set forth enough to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties' arguments. Id.

The district court did not commit error – procedural or substantive – in sentencing Thompson. The district court properly determined that Thompson qualified for the Armed Career

3

Criminal enhancement and had a resulting advisory guidelines range of 180 months' imprisonment. Prior to imposing sentence, the district court heard from defense counsel and Thompson and granted Thompson's request to self-report to the Bureau of Prisons. The record reveals no significant procedural error by the district court in sentencing Thompson. Also, this court presumes on appeal that a sentence within a properly determined advisory guidelines range is substantively reasonable and nothing in the record rebuts that presumption here. See Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2459 (2007); United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Finally, in his pro se supplemental brief, Thompson raises claims of ineffective assistance of counsel. As the record does not conclusively establish ineffective assistance, Thompson's claims are not cognizable on direct appeal. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Thompson's conviction and sentence. This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Thompson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED